# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO: 8:13-cr-00532CEH-TGW

CRAIG COOLEY

_____

## ORDER

This cause comes before the Court on Defendant Craig Cooley's Motion for Compassionate Release (Doc. 170).  Proceeding *pro se*, Cooley requests compassionate release based upon the COVID-19 pandemic and the conditions it has created in his prison facility.  The Government opposes the motion (Doc. 172).  Cooley has replied (Doc. 176) and filed a supplement (Doc. 177).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

## I.       BACKGROUND

On August 8, 2014, the Court sentenced Cooley to 210 months' incarceration after he pleaded guilty to one count of conspiracy to possess with the intent to distribute 280 grams or more of cocaine base. Doc 148.  The plea was based on conduct committed from late 2012 to early 2013.  Cooley, now 45 years old, is incarcerated at FCI Coleman Low.

Cooley moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 170.  He contends that an extraordinary and compelling reason for a reduction in sentence exists due to the COVID-19 pandemic and the conditions it created at FCI Coleman Low. *Id.* at 3-4.  He points to a family history of colon cancer and his status as a lifelong smoker to argue that he is particularly vulnerable to COVID-19. *Id.* at 2-3.  Cooley further argues that FCI Coleman Low is overcrowded, and that poor ventilation in its facilities has resulted in black mold; both conditions increase the risk of a COVID-19 outbreak. *Id.* at 12-13.  Additionally, he asserts that there has been a widespread cancellation of programming at FCI Coleman Low, including vocational, educational, and religious courses and other events. *Id.* at 17-18.  Cooley concludes that these conditions have resulted in a violation of his Fifth, Eighth, and Fourteenth Amendment rights, and must therefore be viewed as an extraordinary and compelling reason to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 16. Finally, he contends that a resentencing due to these violations would allow the Court to address the fact that he was sentenced under a career offender enhancement that would no longer be applicable if he were sentenced today. *Id.* at 4-5.

The Government responds in opposition to Cooley's motion, arguing that he both failed to exhaust his administrative remedies and failed to establish an extraordinary and compelling reason for compassionate release. Doc 172.  The Government first contends that Cooley failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582, because he sought administrative relief on different grounds than those upon which he seeks compassionate release in his present motion.

*Id.* at 5-7.   The Government next argues that even if Cooley had exhausted his administrative remedies, COVID-19 and the resulting conditions at FCI Coleman Low do not establish an extraordinary and compelling reason for compassionate release. *Id.* at 8.   The Government asserts that Cooley has no present medical conditions, and that the general threat of the COVID-19 pandemic to all persons does not fall into any of the categories contained in U.S.S.G. §1B1.13 and therefore could not provide a basis for a sentence reduction. *Id.* at 9.

In a reply to the Government's opposition, Cooley asserts that understaffing at FCI Coleman Low has made exhaustion of administrative remedies difficult or even impossible; he alleges that he has "made many attempts to satisfy the Administrative Remedy process but to no avail." Doc 176 at 4-5.   Additionally, Cooley reiterates his argument that the conditions at FCI Coleman Low constitute a violation of his Fifth, Eighth, and Fourteenth Amendment rights, and should thus be viewed as an extraordinary and compelling reason for a reduction in sentence. *Id.* at 5-6.   Cooley also supplemented his motion to highlight the Supreme Court's decision in *Concepcion v. United States*, 142 S.Ct. 2389 (2022), which held that district courts may consider intervening changes of law or fact in exercising their discretion to reduce a sentence under the First Step Act. Doc. 177.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgement of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817,

824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

(A)    the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)    extraordinary and compelling reasons warrant such a reduction; or

(ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

(B)   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and the court may modify an imposed term of imprisonment to the extent

otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure…

18 U.S.C. § (c)(1) (italics reflecting amendment under the First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 352(c)(1)(A).

## III.   DISCUSSION

As a threshold matter, it is not clear that Cooley has exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582 (c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3583(c)(1)(A)).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In the present motion, Cooley requests compassionate release on the grounds that he is at an increased risk of COVID-19 due to his family and medical history, and that the pandemic led to a decline of conditions at FCI Coleman constituting a violation of his Fifth, Eighth, and Fourteenth Amendment rights.  While he did seek administrative relief from the warden of his facility on May 18, 2021, his request was made on different grounds than those relied upon in his present motion.  In his request to the warden, Cooley stated, "I have requested compassionate release based on Extraordinary and Compelling Reason based on a disparity of my sentence." Doc 170 at 24.  He further explained that his prior convictions do not qualify as felonies under current law, arguing that changes in law would result in a lower sentence if he were sentenced today. Doc. 172-1.  Cooley made no mention in his administrative request of COVID-19, his family and medical history, the conditions at FCI Coleman, or constitutional violations.  The only overlap between the two documents is a brief note in the current motion that compassionate release would be a mechanism to remedy the sentencing issue, Doc. 170 at 4-5, a point he also refers to in his supplement. Doc. 177.  However, he does not raise the sentencing issue as one of the extraordinary and compelling reasons for compassionate release in the instant motion.

The Seventh Circuit Court of Appeals has held that in order properly to exhaust administrative remedies, a petitioner is required to present the same or similar grounds for compassionate release in a request to the Bureau of Prisons as in a motion to the court. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).  The court found that "[a]ny contrary approach would undermine the purpose of exhaustion." *Id.*

Although the Eleventh Circuit has not ruled on the issue, at least one district court in Florida has adopted the Seventh Circuit's position. *United States v. Alvarez*, No. 14-CR-80110, 2022 WL 16856250 (S.D. Fla. Nov. 10, 2022); *United States v. Gonzalez*, No. 17cr60223, 2021 WL 4066897, *4 (S.D. Fla. Nov. 10, 2022).  Moreover, the Seventh Circuit's holding is consistent with other areas of law in which litigants are required to exhaust their administrative remedies by means of the same or a similar legal theory before they may file suit. *See*, *e.g.*, *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279-80 (11th Cir. 2004) (in Title VII cases, new acts of discrimination that were not contained in a plaintiff's Equal Employment Opportunity Commission complaint are subject to dismissal); *Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001) (habeas corpus claim under 28 U.S.C. § 2254 was procedurally barred when the defendant's theory on direct appeal was "totally different from that advanced in this federal proceeding.").

In an implied concession that the May 18, 2021 warden request did not exhaust his remedies for the instant motion, Cooley argues that some courts have waived the exhaustion requirement when it was rendered impossible due to prison staffing problems; he contends that he has made "many attempts" to exhaust. Doc. 176 at 4. However, he has not provided evidence, or even details, of any attempt except for the May 18, 2021 request. *Cf. Miller v. Norris*, 247 F.3d 736, 738 (8th Cir. 2001) (waiving exhaustion requirement where petitioner attached a letter to the prison and a signed return receipt for certified mail as evidence that he had attempted to file a grievance).

In the absence of any such evidence, the Court cannot conclude that waiver of the exhaustion requirement is appropriate.

In any event, even if Cooley exhausted his administrative remedies, he has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt.n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt.n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Cooley is 45 years old and was not sentenced until 2014. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy the second provision of the statute. Cooley argues that his risk of contracting

COVID-19, and the conditions that the pandemic has created at FCI Coleman constitute such a reason.

Under the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(A), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A).  Cooley identifies only that he has a family history of colon cancer and a chronic cough from smoking.  As the Government points out, he did not provide any documentation of this history. *See United States v. Heromin*, 8:11-cr-550-VMC-SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) (Covington, J.) (denying motion for compassionate release due to lack of corroboration from medical provider).  Nor has he provided any evidence that he has any medical conditions that rise to the severe level contemplated by the policy statement.  On the contrary, the medical records submitted by the Government do not reveal the existence of a serious medical condition or one that diminishes his ability to care for himself in prison.  Cooley has not met his burden of establishing that his medical conditions constitute an extraordinary and compelling reason for compassionate release.

To the extent Cooley argues that his medical history renders him more vulnerable to COVID-19, the Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's strict

requirements even where an incarcerated individual's medical conditions put him at a particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also, e.g.*, *United States v. Willhite*, No. 21-110441, 2022 WL  424817, *1-2 (11th Cir, Feb  11, 2022) (same); *United States v. Pearson*, no.21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). Although the Court acknowledges the risks that the COVID-19 pandemic poses to vulnerable individuals, particularly in a congregate setting, it is bound by the Eleventh Circuit's decisions.  Accordingly, Cooley also cannot establish an extraordinary and compelling reason through the combination of his medical conditions or predispositions and the COVID-19 pandemic.

Finally, Cooley cannot meet his burden of establishing an extraordinary and compelling reason for a reduction in sentence through the fourth reason listed in the policy statement. U.S.S.G. § 1B1.13, cmt. n.1(D).  Often described as a "catch-all" provision, this section provides that "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with,  the reasons described in subdivisions (A) through (C)." *Id.*  The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d at 1263-65.  Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary or compelling. *Id.*; *Giron*, 15 F.4th at 1350 ("district courts are bound by U.S.S.G. §

1B1.13 when granting compassionate release and… only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision").

Cooley argues that the conditions at his prison rise to the level of constitutional violations, which constitute an extraordinary and compelling reason for compassionate release. The Court recognizes that precautionary measures taken by institutions during the COVID-19 pandemic led to increased restrictions and the suspension of educational or vocational programs. However, Cooley has not established that the Bureau of Prisons has approved his identified reasons as extraordinary and compelling. *See Bryant*, 996 F.3d at 1265. As a result, he has not established the applicability of the statement's catch-all provision.

Because Cooley has not met his burden of establishing an extraordinary and compelling reason for a reduction in sentence pursuant to the strict constraints of the sentencing guidelines' policy statement, his motion for compassionate release must be denied.[2]

---

[2] Because this Court has determined that Cooley is not eligible for a sentence reduction based upon its finding that he has not exhausted his administrative remedies and that no extraordinary or compelling circumstance exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). However, the Court acknowledges Cooley's lack of disciplinary contacts and his efforts to take advantage of opportunities to cultivate his skills for a successful reentry into society.

Similarly, the Court need not address Cooley's argument that compassionate release is a permissible means of correcting the sentencing disparity he alleges. Doc. 170 at 4-5; Doc. 177. The Court is not permitted to reduce a sentence under 3582(c)(1)(A)(i) unless the petitioner has identified an extraordinary and compelling reason pursuant to the policy statement. *See also Bryant*, 996 F.3d 1243 (district court did not err in denying compassionate release motion based on defendant's argument that he would not be subject to a 25-year mandatory minimum if he were sentenced today, because it was not one of the extraordinary and compelling reasons identified in the policy statement).

Accordingly it is **ORDERED:**

1.  Defendant Craig Cooley's Motion for Compassionate Release (Doc. 170) is

    **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties